IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Sylvia Steele, | ) | No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | COMPLAINT |
| vs. | ) | |
| | ) | |
| Pittsburgh Regional Transit f/k/a | ) | |
| Port Authority of Allegheny County | ) | |
| | ) | |
| Defendant | ) | JURY TRIAL DEMANDED |

## **COMPLAINT**

And now, comes the Plaintiff, Sylvia Steele, by and through her attorney, James L. Welsh, III, Esquire and The Welsh Law Group, LLC and files the following seeking legal and equitable relief and in support alleges the following:

1. Plaintiff, Sylvia Steele, is an adult individual residing within the jurisdiction of the Western District of Pennsylvania, having a residence located at 2439 Perrysville Road, Pittsburgh Pennsylvania 15214.

2. Defendant, Pittsburgh Regional Transit f/k/a Port Authority of Allegheny County, hereinafter referred to as "PRT" is a public transit company with its main headquarters located at 345 6th Avenue, Third Floor, Pittsburgh, Pennsylvania 15222.

## **JURISDICTION**

3. The Jurisdiction of this Court is invoked pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5(t)(l); 42 U.S.C. §1981A and 28 U.S.C. §1331 and the Pennsylvania Human Rights Act ("PHRA"). The Court has supplemental jurisdiction and Plaintiffs state law claims under 28 U.S.C. §1367.

4. Plaintiff has satisfied all administrative prerequisites to suit under Title VII because:

1

    a. She filed a Charge of Discrimination with the Equal Employment Opportunity Commission.

    b. The EEOC issued a Notice of Right to Sue.

    c. Plaintiff dual filed with the PHRC.

    d. Plaintiff's claim was tolled by a class action lawsuit.

## **INTRODUCTION**

5. Plaintiff, Sylvia Steele, has sincerely held religious belief against the covid 19 vaccine. This belief conflicted with the vaccination requirement mandated upon Defendant's employees. Plaintiff was employed as an operator from November 12, 2013 until her termination on May 4, 2023. Plaintiff's religious beliefs against Defendant's vaccination policy were made known to Defendant prior to any deadline imposed on Defendant's employees.

6. Plaintiff's sincerely held religious belief as a Hebrew Israelite forbade her from receiving the covid-19 vaccine. Her beliefs stemmed from an organized religion which opposed abortion. Plaintiff's religious beliefs were not based upon any secular beliefs but were deeply rooted in a system of religion.

7. The vaccine was developed and/or tested using fetal cell lines derived from aborted fetuses, which Plaintiff believes constitutes murder and violates the tenets of her religion and beliefs. Receiving the vaccine would constitute a sin in violation of her religious beliefs as the body is sacred and commanded by Yahua to be protected from unclean substances. Plaintiff's sincerely held religious beliefs are the result of being involved in an organized religion and his interpretation of Yahua's will and what is the result of his faith and trust in Yahua. Plaintiff believes that the body is a temple and each person has the right to choose what he or she will put into their body based on force will and his or her interpretation of what Yahua provided through

his plan. Plaintiff strives to control what is placed into her body, and attempts to keep toxins out of what Yahua created. Plaintiff's religious beliefs do not permit the injection of foreign materials into her body or DNA because the use and possession of biological materials has been granted by Yahua, the creator of mankind. Plaintiff also believes that Yahua created the perfect immune system that is not to be altered or tampered with by anyone. Plaintiff also submitted a brief statement in support of the request for a religious exemption, which was accepted by Defendant as being sincere and valid, but Plaintiff was not asked to expound upon the reasons that the vaccine violated the tenets of her faith and religion.

8. Defendant's vaccine policy became effective March 15, 2022.

9. If any employee, including Plaintiff, was not fully vaccinated by March 15, 2022, and had not received a religious exemption, the employee was terminated by the Defendant's exemption committee.

10. Defendant's exemption committee was made up of a group of Defendant's employees who were told to tell employees, including Plaintiff, that their religious exemption was denied due to undue hardship.

11. Defendant's exemption committee was comprised on Defendant's employees who had no specialized knowledge in theology and who were directed by Defendant to tell employees, including plaintiff, that Defendant did not question the validity or sincerity of Plaintiff's religious exemption.

12. Defendant's real decision makers were Katharine Kelleman, Mike Certa, Esquire, outside counsel, and possibly Don Rivetti and Mike Heidecamp.

13. Defendant's decisions made a mockery of Title VII. Defendants did not care about the sincerity or religiosity of Plaintiff's religious exemptions. Exemptions were granted to

those employees who held positions that were essential to Defendant's continued operations.

14. Defendant granted exemptions to other similarity situated employees, either religious and/or medical who had far more or greater exposure to other employees and/or the general public than did Plaintiff.

15. Defendant's granted religious exemptions to certain classes of employees rather than based upon the sincerity or validity of religious exemptions.

16. Defendants chose not to ask employees, including Plaintiff, about their religious exemption. Defendants did absolutely no investigation into the sincerity or validity of Plaintiff's exemption.

17. Defendant never once questioned Plaintiff about her exemption, but affirmatively stated that Defendant believed the sincerity and validity of Plaintiff's exemption.

18. At least three (3) members of Defendant's exemption committee and Defendant's chief legal counsel affirmatively represented that Plaintiff's religious exemption was both sincere and valid. Those employees were Inez Colon, Judy Kalnas, Eric Wells and Michael Certa, Esquire.

19. Defendant did not offer an alternative accommodation to Plaintiff other than get vaccinated or be terminated.

20. Plaintiff suffered an adverse consequence as the direct result of Defendant's vaccine mandate that being either terminated despite having an accepted religious exemption or being forced to take an early retirement to avoid termination.

21. Defendant's sole basis for denying Plaintiff's religious exemption was undue hardship.

22. Defendant never explained its undue hardship to Plaintiff

23. Defendant never engaged in the interactive process to discuss Plaintiff's request for reasonable accommodations from Defendant's mandate.

24. Plaintiff offered reasonable accommodations including masking, testing and social distancing which were never discussed by Defendant or explained how the reasonable accommodations could not be extended to Plaintiff in lieu of Defendant's mandate.

25. Similarly situated Plaintiffs were offered reasonable accommodations in lieu of Defendant's mandate which include masking, testing and social distancing. These were the same accommodations for those employees who were granted religious exemptions but were denied to Plaintiff as being an undue hardship.

26. Defendant failed to inform Plaintiff that the vaccines available to Plaintiff were issued under EUA status, which meant that Plaintiff had the right to reject the vaccine without consequence.

27. Defendant knew at the time of the vaccine mandate that a vaccinated employee could still transmit or contract covid-19.

28. Defendant took away all reasonable accommodations on March 15, 2022, despite telling Plaintiff that these reasonable accommodations (masking, testing and social distancing) would keep Plaintiff safe from contracting or transmitting covid-19.

## COUNT I
## TITLE VII RELIGIOUS DISCRIMINATION FAILURE TO ACCOMMODATE

29. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs as if fully restated herein.

30. Defendant fired Plaintiff because of her religion in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e-(j), and 2000e-2(a)(l).

31. Plaintiff was a member of a protected class, that being a Christian.

5

32. Defendant failed and refused to reasonably accommodate Plaintiff's religious observances and/or practices, in violation of Title VII.

33. As a direct result of Defendant's violation of Title VII, Plaintiff has lost wages and other economic benefits of her employment with Defendant, in addition to suffering emotional distress, depression, inconvenience and humiliation.

34. Defendant's policy of denying all exemptions and instead forcing its will upon Defendant to get the vaccine against her religious beliefs constitute outrageous conduct subjecting Defendant to punitive damages.

**WHEREFORE**, Plaintiff requests the following:

a. That the Court enter a judgment declaring Defendant's actions to be unlawful and in violation of Title VII of the Civil Rights Act and the Pennsylvania Human Rights Act;

b. That Defendant be ordered to reinstate Plaintiff and provide her accumulated seniority, fringe benefits and all other rights;

c. That Defendant be required to compensate Plaintiff for the full value of wages she would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest from the date of discrimination, in addition to reimbursement for lost pension, experience, training opportunities and other benefits;

d. That the Court award Plaintiff compensatory and punitive damages as a result of Defendant's violations of Title VII of the Civil Rights Act or the PHRA;

e. That Defendant be enjoined from discriminating against Plaintiff in any manner that violates Title VII of the Civil Rights Act;

f. That Plaintiff be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney fee; and

g.      That the Court grants Plaintiff additional relief as may be just and proper.

**COUNT II**

**RELIGIOUS DISCRIMINATION PURSUANT TO PHRA**

35.     The foregoing paragraphs are incorporated by reference as though the same were set forth more fully herein.

36.     Plaintiff is a member of a protected class pursuant to the PHRA, in that she had sincerely held religious beliefs that were ignored by Defendant.

37.     At all times relevant hereto, Plaintiff satisfactorily performed all of her job duties.

38.     Defendant terminated Plaintiff because of her religious beliefs when it failed to accommodate her sincerely-held religious beliefs against vaccination nasal testing resulting in the damages as set forth more fully hereinabove.

WHEREFORE, Plaintiff respectfully request this Honorable Court enter judgment in her favor and direct Defendant to:

(a)     Award Plaintiff compensatory damages, including lost wages, employment benefits, back pay, interest, reinstatement and any and all other pecuniary damages for violation of her rights and for the injuries she has suffered as a result of Defendant's conduct;

(b)     Award Plaintiff pre-judgment and post-judgment interest;

(c)     Award Plaintiff the costs of this action, including reasonable attorney's fees and reasonable expert witness fees; and

(d)     Award any such further relief as this Court may deem, just, proper and equitable and as permitted under 43 P.S. §951 *et seq.*

Respectfully submitted,

Date: 7/17/25

_____
James L. Welsh, III, Esquire
PA I.D. #58790
THE WELSH LAW GROUP
3875 Franklintowne Court
Suite 130
Murrysville, PA 15668
724-519-2122
e-mail: jwelsh@thewklaw.com